# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Blue Tee Corp., | ) | |
| | Plaintiff, | ) |
| vs. | | ) No. 03-5011-CV-SW-FJG |
| | | ) |
| ASARCO, Inc., et al., | | ) |
| | Defendants. | ) |

## ORDER

Pending before the Court are (1) Defendant ASARCO Inc.'s Motion to Substitute Party (Doc. No. 213); (2) Plaintiff's Motion for Oral Argument (Doc. No. 166); (3) Plaintiff's Contingent Motion to Dismiss Count IV of First Amended Complaint and Supporting Suggestions (Doc. No. 108); (4) Defendant ASARCO Inc.'s Motion for Judgment on the Pleadings as to Each of the Claims Against ASARCO in this Action and to Dismiss Count IV of the First Amended Complaint for Lack of Subject Matter Jurisdiction (Doc. No. 93); (5) Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 107); (6) Defendant ASARCO Inc.'s Motion to Strike Plaintiff's Expert Stephen B. Cameron (Doc. No. 143); (7) Plaintiff's Motion for Leave to File Surreply Suggestions with Respect to ASARCO Inc.'s Motion to Strike Blue Tee's Expert Witness Cameron (Doc. No. 179); (8) Plaintiff's Motion for Leave to File Surreply Suggestions in Opposition to ASARCO's Motion for Summary Judgment (Doc. No. 180); (9) Defendant ASARCO Inc.'s Motion for Summary Judgment (Doc. No. 135); (10) Plaintiff's Motion to Strike the Written Reports of ASARCO Witness Paul D. Fahrenthold and to Bar his Testimony and Supporting Suggestions (Doc. Nos. 147 and 148); (11) Plaintiff's Motion for Leave to File Supplemental Material Relating to Plaintiff's Motion to Strike the Written Reports of ASARCO's Witness Paul D. Fahrenthold and to Bar his Testimony (Doc. No 181); (12) Joint Motion for Further Extensions of Time as to Pretrial Schedule and Supporting Suggestions (Doc. No. 204); and (13) Defendant ASARCO's Motion and Suggestions in Support of Motion for Leave to

File a Response to Plaintiff's Trial Brief or, in the Alternative, to Strike Plaintiff's Trial Brief as Untimely (Doc. No. 214). Each will be considered below.

## I.      Defendant ASARCO's Motion to Substitute Party (Doc. No. 213)

Defendant requests that the Court substitute ASARCO LLC in place of ASARCO, Inc., as a defendant in this case.[1] Defendant indicates that ASARCO has changed its corporate form and now is a Delaware limited liability company instead of a corporation. For good cause shown, defendant ASARCO's motion to substitute party is **GRANTED**.

## II.     Plaintiff's Motion for Oral Argument (Doc. No. 166)

Plaintiff moves for oral argument on all pending motions before the Court. Plaintiff suggests that oral argument would be helpful to the Court in resolving the issues presented in the pending motions, noting that by holding oral argument, the Court could address issues raised by these motions directly with the parties. Plaintiff also suggests that oral argument would give counsel a chance to address issues that the Court believes are important or need clarification.

Defendant opposes the motion for oral argument, noting that the pending motions are typical of this sort of litigation, and that the briefing of the motions fully addresses the legal issues to be decided by the Court. The Court agrees with defendant; the parties have provided ample briefs in support of their respective positions. Therefore, plaintiff's motion for oral argument (Doc. No. 166) is **DENIED.**

## III.    Plaintiff's Motion to Dismiss Count IV of First Amended Complaint (Doc. No. 108)

Plaintiff moves the Court, if and only if the Court denies Blue Tee's Motion For Leave To File Second Amended Complaint,[2] to dismiss Count IV of Blue Tee's First Amended

_____

[1]The Court will refer to defendant as "ASARCO" throughout this Order.

[2]As will be seen below, the Court will deny plaintiff's motion for leave to file a second amended complaint.

2

Complaint without prejudice.  Plaintiff suggests that this claim does not appear in its proposed second amended complaint, and by either granting Plaintiff's Motion To Amend or this motion, the Court will moot ASARCO's pending motion to dismiss Count IV of Blue Tee's First Amended Complaint for lack of subject matter jurisdiction.

Defendant responds that plaintiff does not dispute that its claim in Count IV of the First Amended Complaint is invalid and should be dismissed. Instead, defendant suggests that plaintiff filed the motion to dismiss simply to avoid an adverse ruling on ASARCO's pending motion to dismiss the same claim.  Defendant states that the Court should instead grant judgment on the pleadings and deny plaintiff's contingent motion to dismiss. Defendant argues that dismissal without prejudice is improper in this circumstance.

In reply, plaintiff notes that defendant's motion to dismiss Count IV of plaintiff's First Amended Complaint is based on lack of subject matter jurisdiction and therefore dismissal of that claim could only be without prejudice, leaving plaintiff free to assert that claim in state court whether the Court grants Blue Tee's Motion For Leave To Amend Its Complaint, grants ASARCO's motion to dismiss Count IV, or grants Blue Tee's Contingent Motion. See Hernandez v. Conriv Realty Assocs., 182 F.3d 121, 123-24 (2d Cir.1999) (cited in Pinnavaia v. National Arbitration Forum, Inc., 122 Fed.Appx. 862, Slip Copy, 2004 WL 2805798 (8th Cir. Dec. 8, 2004)).

The Court agrees that whether it granted defendant's or plaintiff's motion to dismiss in this circumstances, the end result would be that Count IV of plaintiff's first amended complaint would be dismissed without prejudice.  Therefore, plaintiff's contingent motion to dismiss Count IV of its first amended complaint (Doc. No. 108) is **GRANTED**, and Count IV of plaintiff's first amended complaint is **DISMISSED WITHOUT PREJUDICE.**

**IV.** **Defendant ASARCO's Motion for Judgment on the Pleadings (Doc. No. 93)**

Defendant moves for judgment on the pleadings as to Counts II, III and IV of

3

Plaintiff's First Amended Complaint.[3]  With respect to Counts II and III, defendant states that plaintiff's claims are legally invalid following the decision of the United States Supreme Court in Cooper Industries, Inc. v. Aviall Services, Inc., 125 S.Ct. 577 (U.S. 2004).  With respect to Count IV, defendant asserts that plaintiff has not alleged any damages and/or sufficient damages to satisfy the jurisdictional threshold of this Court.  As discussed above, Count IV of plaintiff's first amended complaint will be dismissed without prejudice; defendant ASARCO's motion to dismiss this claim for lack of jurisdiction (Doc. No. 93) will be **DENIED AS MOOT**.  The Court will consider Counts II and III of plaintiff's first amended complaint below.

A.    Standard

The standard applied by the Court when considering a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as that applied to a motion to dismiss under Rule 12(b)(6). See Gralike v. Cook, 996 F.Supp. 901, 905 (W.D. Mo.1998). The Court must accept plaintiff's factual allegations as true and construe them in the light most favorable to the plaintiff.  See Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir.1998). The Court may grant judgment on the pleadings only if it appears beyond a doubt that plaintiff can prove no set of facts entitling it to relief. See St. Paul Ramsey County Med. Ctr. v. Pennington County, S.D., 857 F.2d 1185, 1188 (8th Cir.1988). The Court is not required, however, to ignore facts set forth in the First Amended Complaint that undermine plaintiff's claims.  See, e.g., Northern Ind. Gun & Outdoor v. City of S. Bend, 163 F.3d 449, 452 (7th Cir. 1998).

B.    Count II

Count II of plaintiff's First Amended Complaint is a claim for contribution under CERCLA § 113(f)(1).  In Aviall, the Supreme Court held that § 113(f)(1) only authorizes

_____

[3]Count I of plaintiff's First Amended Complaint was dismissed without prejudice by stipulation of the parties and Order of this Court on November 1, 2004.  See Doc. No. 79.

4

suits for contribution "during or following a civil action" under CERCLA § 106 or § 107.  See 125 S.Ct. at 583.   Here, defendant argues, no "civil action" for contribution had been filed; instead, plaintiff alleges that it was subject to a unilateral administrative order ("UAO") issued by the USEPA.  Defendant states that the natural meaning of "civil action" is a non-criminal judicial proceeding.  See Fed. R. Civ. P. 2.  Although the Supreme Court declined to decide specifically whether a UAO under § 106 (such as the one plaintiff elected to follow in this case) would qualify as a "civil action" sufficient to trigger a right to contribution under § 113(f)(1), see 125 S.Ct. at 584 n.5, defendant argues that based on the Supreme Court's reasoning in Aviall, it is clear that a UAO under § 106 does not constitute a "civil action" as that term is used in CERCLA.  See also Pharmacia Corp. v. Clayton Chemical Acquisition LLC., 2005 WL 615755 (S.D. Ill. March 8, 2005) (finding that a UAO does not qualify as a civil action under § 113(f)(1)).  Therefore, defendant states that plaintiff's § 113(f)(1) claim should be dismissed.

Plaintiff responds that (1) the Supreme Court in Aviall specifically declined to address the issue of whether a UAO qualifies as a "civil action" under § 113(f)(1) and therefore plaintiff's claim should be allowed to proceed; (2) UAOs are not purely voluntary (in contrast with the voluntary clean-up performed in the Aviall case) because the recipient of such an order is presented with a choice of either complying  with the requirements of the order or facing the possibility of treble damages and civil penalties of $32,000 per day; (3) the broader interpretation advocated by plaintiff furthers the fundamental CERCLA scheme, in that interpreting § 113(f)(1) as advocated by defendant would provide a perverse incentive for parties to refuse to comply with UAOs because they would not be able to be held accountable in contribution actions by parties who complied with those orders; and (4) if § 113(f)(1) does not provide a right of contribution to recipients of § 106 orders like the right enjoyed by defendants in § 106 and § 107 enforcement lawsuits, § 113 violates the equal protection and due process rights of § 106 order recipients.

5

Defendant replies that if plaintiff was concerned that the UAO obligated it to undertake work disproportionate to its fair share of responsibility, it could have sought to settle its liability with EPA in accordance with the terms of CERCLA § 122 so that the separate contribution provisions of § 113(f)(3)(B) would apply.  Defendant notes, and this Court agrees, that after Aviall, it is clear that a party can pursue contribution under § 113(f)(1) only after being sued in a § 106 or § 107 civil action, whether pending or concluded.  See 125 S.Ct. at 583-84.  Additionally, Defendant points out that the statute of limitations for a contribution claim under § 113(f)(1) runs from the date of "judgment"–as noted by the Supreme Court in Aviall, the statute of limitations provision strongly supports the conclusion that § 113(f)(1) does not authorize contribution claims in the absence of a lawsuit pursuant to § 106 or § 107. See 125 S.Ct. at 584.  Plaintiff's arguments respecting the "voluntariness" of a UAO and a broader interpretation of § 113(f)(1) furthering the CERCLA scheme are policy arguments that have been foreclosed by the Supreme Court's decision that § 113(f)(1) claims require a pending or concluded § 106 or § 107 civil action.

With respect to plaintiff's claims of violation of constitutional rights, defendant notes that as a recipient of a UAO, plaintiff does not argue that it is a member of a protected class or that some fundamental right is otherwise involved.   Therefore, in examining the constitutionality of the statutory provision, the statute "bears a strong presumption of validity, and those attacking the rationality of the legislative classification have the burden to 'negative every conceivable basis that might support it.'" FCC v. Beach Communications, Inc., 508 U.S. 307, 314-15 (1993).  Defendant notes that in Aviall  the Supreme Court did not feel compelled for constitutional reasons to read § 113(f)(1) of CERCLA to enable contribution claims by parties who elect voluntarily to clean up property at the direction of government authorities.  Therefore, defendant likewise concludes, and this Court agrees, that this interpretation of § 113(f)(1) does not violate plaintiff's constitutional rights.

Therefore, for the foregoing reasons, defendant's motion for judgment on the

pleadings as to Count II of plaintiff's complaint (Doc. No. 93) is **GRANTED**.  Plaintiff's claims under § 113(f)(1) are **DISMISSED.**

      C.     Count III

Count III is a claim for declaratory judgment under CERCLA § 113(g)(2).  Section 113(g)(2) provides that a declaratory judgment may be granted in an "initial action" for recovery of costs under CERCLA § 107, to establish liability for future response costs. Defendant argues that, fundamentally, a contribution action is not an "initial action for the recovery of costs" referred to in § 107.  42 U.S.C. § 9613(g)(2).  See also Trimble v. ASARCO, Inc., 232 F.3d 946, 958-59 (8th Cir. 2000)(citing Gopher Oil v. Bunker, 84 F.3d 1047, 1051 (8th Cir. 1996)(recognizing that court initially lacked jurisdiction because, among other things, "the government had not yet brought a cost-recovery action" against the plaintiff)).  Furthermore, the Supreme Court noted in Aviall that § 113(f)(1) and § 113(f)(3)(B) provide the exclusive means by which a private party may seek contribution under § 113(f).  See 125 S.Ct. at 584.  Because neither party is subject to any initial civil action by the USEPA for recovery of response costs under § 107, defendant states Count III of plaintiff's complaint should be dismissed.

Plaintiff responds, citing Sun Co. v. Browning-Ferris, Inc., 124 F.3d 1187, 1192 (10th Cir. 1997) for the proposition that a § 113 contribution action is "an action for recovery of the cost referred to in § 107.  In this case, because no previous action under §§ 106 or 107 has been filed with respect to this site, Plaintiffs [sic] contribution action is the 'initial action for recovery of the costs referred to in section 9607 of this title.'"  Plaintiff also states that ASARCO misconstrues Trimble because the germane issue in that case was whether plaintiffs' section 107 case should be dismissed because plaintiff had not incurred response costs, a prima facie element of its claim.  Here, plaintiff asserts that it has incurred more than $3 million in costs associated with complying with the USEPA's UAO.

Defendant notes that Sun Co. v. Browning-Ferris, Inc., cited by plaintiff above, is no longer good law after Aviall because in Sun Co., the Tenth Circuit found that a contribution claim under § 113(f) was governed by the statute of limitations provision in § 113(g)(2) applicable to an "initial action" for recovery of response costs. In Aviall, the Supreme Court found that the applicable statute of limitations provision for contribution claims is found in § 113(g)(3). 125 S. Ct. at 584. Defendant also states Sun Co. is contrary to the Supreme Court's holding in Aviall that a "civil action" under § 106 or 107 is a necessary prerequisite to a contribution claim under § 113(f)(1). Id. Additionally, Sun Co. distinguishes contribution claims brought during or following a "civil action" under § 106 or § 107 from claims of PRPs who have incurred response costs "in some other way," such as responding to a UAO. See Sun Co., 124 F.3d at 1192. Defendant states that Sun Co., to the extent that it has any continuing validity after Aviall, actually refutes plaintiff's position here.

The Court agrees with the points and authorities cited by defendant ASARCO. Sun Co., to the extent it supports plaintiff's position, was overruled by the Supreme Court's decision in Aviall, as detailed in defendant's reply brief. Therefore, defendant's motion for judgment on the pleadings as to Count III of plaintiff's complaint (Doc. No. 93) is **GRANTED**. Plaintiff's claims under § 113(g)(2) are **DISMISSED.**

## V. Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 107)

Plaintiff moves pursuant to Fed. R. Civ. P. 15(a) for leave to file its second amended complaint. Plaintiff states its request should be granted because (1) it is a reasonable request in light of the Aviall decision; (2) neither the discovery deadline, deadline for filing dispositive motions, or other aspects of the pre-trial schedule would be adversely affected; (3) no one will be prejudiced by the filing of the second amended complaint; and (4) the interests in fundamental fairness and justice would be served by the filing of the amended complaint.

Plaintiff says that it should not be punished because it attempted to narrow the legal

8

issues to be resolved in this case in accordance with pre-<u>Aviall</u> CERCLA law. Instead, it states it should now be allowed to plead its case more broadly in order to protect its interests as post-<u>Aviall</u> case law develops. Plaintiff states its proposed amended complaint creates no new fact issues for which discovery would be necessary.

The legal theories in plaintiff's proposed second amended complaint are: (1) Plaintiff is "any other person" within the meaning of that phrase as used in CERCLA § 107 and therefore may bring a cost recovery action against ASARCO, subject to ASARCO's right to prosecute a contribution counterclaim under § 113(f)(1); (2) Section 13(f)(1) is available to the recipient of a Section 106 order, because that is the initiation of a "civil action" within the meaning of that concept as used in § 113[4]; (3) plaintiff's agreement to comply with the requirements of the 2002 UAO constitutes a "administrative settlement" within the meaning of that phrase in Section 113(f)(3)(B); (4) plaintiff has an implied right of contribution under Section 107; (5) plaintiff has a contribution right under federal common law generally; and (6) plaintiff has a contribution right under Missouri common law.

Defendant responds that (1) the time for plaintiff to make a commitment to its case has long passed, and the deadline in the Court's Ninth Amended Scheduling and Trial Order for motions to amend pleadings expired June 23, 2003; (2) the proposed amendment would inevitably require additional discovery and delay resolution of this case; (3) the scope of the proposed second amended complaint adds completely new allegations concerning two additional administrative orders, thereby going well beyond the scope of the first amended complaint; and (4) each of the claims in plaintiff's proposed second amended complaint is legally invalid, and thus granting plaintiff leave to amend would be futile. As the Court finds the fourth issue detailed above to be dispositive, that will be the only of these objections considered.

---

[4]As discussed above in relation to defendant ASARCO's motion for judgment on the pleadings, plaintiff's claims under § 113(f)(1) are not viable and would be subject to dismissal.

9

Plaintiff's CERCLA § 107 claim (found in Count I of the proposed second amended complaint) has been previously dismissed in this action via a stipulation of dismissal filed October 25, 2004, and granted by Court Order November 1, 2004. Furthermore, defendant notes that a claim under CERCLA § 107 cannot be maintained by one potentially responsible party ("PRP") against other PRPs. Instead, PRPs must look to the contribution provisions of § 113(f) in order to seek recovery. See Dico, Inc. v. Amoco Oil Co., 340 F.3d 525, 530-31 (8th Cir. 2003). Both plaintiff and defendant ASARCO are PRPs. Dico has not been overruled, and remains controlling authority in the Eighth Circuit. Additionally, the Eighth Circuit's opinion on this issue is consistent with the overwhelming authority of each of the Circuit Courts of Appeal that have decided the issue. See Aviall, 125 S. Ct. at 584. The Supreme Court expressly declined to overrule this line of cases in its Aviall decision. Id. Therefore, defendant ASARCO states that granting leave to amend adding a § 107 claim would be futile in this case.

Defendant ASARCO argues that plaintiff's § 113(f)(1) claim, found within Count II of the proposed second amended complaint, is legally invalid for the same reasons as discussed in the motion for judgment on the pleadings.

Defendant ASARCO argues that plaintiff's § 113(f)(3)(b) claim, found within Count II of the proposed second amended complaint, is invalid because compliance with a UAO is not the same thing as an "administrative settlement" for purposes of the separate contribution provisions of § 113(f)(3)(B). If a settlement is reached for remedial action under § 106, it must be approved by the Attorney General and entered in the appropriate district court as a consent decree. See 42 U.S.C. § 9622(d)(1)(A). Section 122 further requires public notice before the entry of any consent decree containing a clean-up requirement. 42 U.S.C. § 9622(d)(2). Neither of these prerequisites for an administrative settlement occurred in this case; instead, plaintiff elected to comply with a UAO without subjecting the required work under § 106 to public scrutiny. Therefore, defendant states

that the contribution provisions of § 113(f)(3)(B) are inapplicable to the case at hand.

Defendant ASARCO argues that plaintiff's claims of an implied right of contribution under CERCLA or federal common law, found within Count III of the proposed second amended complaint, are legally invalid. Defendant notes that although the Supreme Court in Aviall did not expressly decide whether there was such an implied right of contribution under CERCLA, the Court stated that "[t]o the extent that Aviall chooses to frame its § 107 claim on remand as an implied right of contribution. . . , we note that this Court has visited the subject of implied rights of contribution before." Aviall, 125 S.Ct. at 586 (citing Texas Indus. v. Radcliff Materials, Inc., 451 U.S. 630, 638-47 (1981) (finding no implied or common-law right to contribution in the Sherman Act or Clayton Act); and Northwest Airlines, Inc. v. Transport Workers, 451 U.S. 77, 90-99 (1981) (finding no implied or common-law right to contribution in the Equal Pay Act of 1963 or Title VII of the Civil Rights Act of 1964)). Defendant states that in light of this specific citation of these cases in Aviall, it is apparent that plaintiff's claims based on an implied right of contribution are futile.

Finally, defendant ASARCO argues that plaintiff's claims for contribution under Missouri common law, found within Count IV of the proposed second amended complaint, are legally invalid. Defendant states that any common-law claim for contribution in Missouri would be preempted by the express language of CERCLA § 113, which provides that contribution claims against parties who are liable or potentially liable under § 107 (a) "shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law." See 42 U.S.C. § 9613(f)(1); see also Coeur D'Alene Tribe v. ASARCO Inc., 2001 WL 34139603 at *8 (D. Idaho Mar. 30, 2001) ("CERCLA provides for contribution claims and . . . preempts a state law challenge for contribution). Plaintiff alleges that defendant ASARCO is within a class of potentially liable parties under § 107(a) of CERCLA, and that therefore plaintiff must look to §113(f) and not state law, for any right to contribution.

11

In plaintiff's reply, plaintiff focuses on the procedural issues raised by defendant more so than the issue as to whether a grant of leave to amend would be futile. In a footnote, plaintiff asserts that the challenges to the legal theories pled in the proposed second amended complaint are not well taken, and that "[t]his is, of course, not the time or place for the parties to fully brief the legal issues raised by ASARCO's contention in this regard." Plaintiff states that each of the claims is not legally frivolous because they (1) are already accepted by one or more courts in CERCLA cases[5], (2) are otherwise based upon a reasonable reading of CERCLA in its entirety, or (3) satisfy the principles of the Restatement of Torts with respect to contribution rights. Plaintiff impliedly suggests that the appropriate course would be to allow leave to amend, and then to allow defendant an opportunity to file a motion to dismiss.

Plaintiff applies the incorrect standard of review to this situation. The court may deny a motion for leave to amend if the amendment would be futile. See Waukesha v. Viacom International, Inc., 362 F.Supp.2d 1025, 1027 (E.D. Wis. 2005)(citing Foman v. Davis, 371 U.S. 178 (1962)). If the proposed new claims would not withstand a motion to dismiss, leave to amend may properly be denied. Weimer v. Amen, 870 F.2d 1400, 1407 (8th Cir.1989).

The Court has examined the parties' briefs and the current case law of the Eighth Circuit and United States Supreme Court, and finds that plaintiff's claims in the proposed second amended complaint are not viable under current precedent. For the reasons stated in defendant ASARCO's response in opposition to the motion for leave to amend, allowing plaintiff leave to file a second amended complaint would be futile because the new claims would not withstand a motion to dismiss. Therefore, plaintiff's motion for leave to file a second amended complaint (Doc. No. 107) is **DENIED.**

---

[5]Notably, plaintiff does not cite any case law to support this statement, and it appears that these theories are not accepted under current Eighth Circuit law.

12

Therefore, for the foregoing reasons,

(1) Defendant ASARCO Inc.'s Motion to Substitute Party (Doc. No. 213) is **GRANTED**;

(2) Plaintiff's Motion for Oral Argument (Doc. No. 166) is **DENIED**;

(3) Plaintiff's Contingent Motion to Dismiss Count IV of First Amended Complaint and Supporting Suggestions (Doc. No. 108) is **GRANTED**;

(4) Defendant ASARCO Inc.'s Motion for Judgment on the Pleadings as to Each of the Claims Against ASARCO in this Action and to Dismiss Count IV of the First Amended Complaint for Lack of Subject Matter Jurisdiction (Doc. No. 93) is **GRANTED IN PART** as it relates to Counts II and III of plaintiff's first amended complaint;

(5) Defendant ASARCO Inc.'s Motion for Judgment on the Pleadings as to Each of the Claims Against ASARCO in this Action and to Dismiss Count IV of the First Amended Complaint for Lack of Subject Matter Jurisdiction (Doc. No. 93) is **DENIED AS MOOT IN PART** as it relates to Count IV of plaintiff's first amended complaint;

(6) Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 107) is **DENIED**;

(7) All remaining pending motions (Doc. Nos. 135, 143, 147, 148, 179, 180, 181, 204, and 214) are **DENIED AS MOOT**; and

(8) The pretrial teleconference previously set for July 1, 2005, at 9:00 a.m. (see Doc. No. 163) is **CANCELLED**.

**IT IS SO ORDERED.**

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
United States District Judge

Dated:    June 27, 2005
Kansas City, Missouri

13